IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* TOM PROCTOR, | § § § |
| Plaintiff, | § § |
| v. | Civil Action No. 4:17-cv-169-ALM-KPJ § § |
| NEXT HEALTH LLC, *et al.*, | § § |
| Defendants. | § |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Seymon Narosov's ("Defendant") Motion to Quash Service (Dkt. 187), wherein Defendant seeks to quash service and dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). *See id.* Relator Tom Proctor ("Relator") also filed a Motion for Disclosure of Defendant Seymon Narosov's Location (Dkt. 181) (the "Motion for Disclosure") and a Motion to Strike the Motion for Disclosure (Dkt. 184) (together with the Motion for Disclosure, "Relator's Motions"). Having considered the parties' briefing and the relevant law, the Court recommends that Defendant's Motion to Quash (Dkt. 187) be **GRANTED IN PART** and **DENIED IN PART**. Furthermore, Relator's Motions (Dkts. 181, 184) are hereby **DENIED** as moot.

**I.  BACKGROUND**

On March 7, 2017, Relator filed this qui tam action on behalf of the United States against Defendants Seymon Narosov, Andrew Hillman, and Next Health, LLC (together, "Defendants"), asserting violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and various Texas false claims and healthcare fraud remedial statutes. *See* Dkt. 1. On August 14, 2020, the United

1

States declined to intervene in the case. *See* Dkt. 27. On January 20, 2022, Relator amended his complaint (Dkt. 171) (the "Amended Complaint").

On May 10, 2022, Relator filed the Motion for Disclosure, wherein Relator requested the Court issue an order compelling the Bureau of Prisons disclose the location of Defendant. *See* Dkt. 181. On July 25, 2022, Relator represented service was executed on July 11, 2022, by forwarding a copy of the Amended Complaint (Dkt. 171) via certified mail to the Federal Correctional Institution Beaumont in Beaumont, Texas. *See* Dkts. 182, 183. On August 30, 2022, Relator requested Clerk's Entry of Default against Defendant. *See* Dkt. 186. On September 1, 2022, Defendant filed his Motion to Quash Service and provided his current address. *See* Dkt. 187. On September 6, 2022, the Clerk's Entry of Default was denied, as Defendant had filed a responsive pleading. *See* Dkt. 188. On September 9, 2022, Relator filed a response to Defendant's Motion to Quash Service. *See* Dkt. 191. Additionally, Relator filed a Proof of Service Declaration representing that the Amended Complaint (Dkt. 171) had been provided to Defendant at his address via a process server. *See* Dkt. 189. Relator attached the service notification from the process server (Dkt. 189-1) and "a photo of [the] individual served" (Dkt. 189-2). *See* Dkt. 189.[1]

## II. LEGAL STANDARD

The plaintiff bears the burden of proof regarding sufficiency of service of process. *See* FED. R. CIV. P. 4(c); *see also Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (citing *Lechner v. Citimortgage, Inc.*, 4:09-cv-302, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009)). "When process is insufficient, federal courts have broad discretion to dismiss an action." *Coleman*, 969 F. Supp. 2d at 744 (citation omitted); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) ("A district court, however, has broad

---

[1] On September 30, 2022, Relator filed a Motion to Strike the Motion to Quash Service (Dkt. 187). *See* Dkt. 194. However, this motion is not in compliance with Local Rule CV-7(i), which requires Relator include a Certificate of Conference, and is therefore not considered. *See* LOCAL RULE CV-7(i).

discretion to dismiss an action for ineffective service of process . . . ." (citing *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986))). However, "defects in the summonses are not fatal if they do not prejudice the defendant." *Coleman*, 969 F. Supp. 2d at 744 (collecting cases). For service to be effective, a plaintiff must comply with the requirements of Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4. Federal Rule of Civil Procedure 4(b) provides that on or after filing the complaint, "the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." FED. R. CIV. P. 4(b). Furthermore, Rule 4(m) requires service within 90 days of the filing of the lawsuit, although the time for service may be extended upon a showing of good cause. *See* FED. R. CIV. P. 4(m); *see also Tate v. Dallas Indep. Sch. Dist.*, No. 3:21-cv-895, 2022 WL 272711, at *2 (N.D. Tex. Jan. 10, 2022), *R. & R. adopted* 2022 WL 270859 (N.D. Tex. Jan. 28, 2022).

Rule 12(b)(4) allows a defendant to move for dismissal based on insufficient process. *See* FED. R. CIV. P. 12(b)(4). "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 n.3 (5th Cir. 2008). Thus, "a motion to dismiss under Rule 12(b)(4) is fairly rare" and is "proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Velasquez v. Singh*, No. PE:16-cv-63, 2017 WL 10181040, at *1 (W.D. Tex. Sept. 25, 2017) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. Supp. 2010)). Further, Rule 12(b)(5) permits a party to challenge the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *see also Gartin*, 289 F. App'x at 692 n.3.

### III. ANALYSIS

Defendant argues Relator improperly sought to serve him at the Bureau of Prisons facility in Grand Prairie, Texas on August 8, 2022. *See* Dkt. 187 at ¶ 5. Defendant states he was held in the Bureau of Prisons Facility in Beaumont, Texas until his release from custody on December 22, 2021, and was never held at the Bureau of Prisons facility in Grand Prairie, Texas. *See id.* at ¶ 4. Thus, Defendant moves to quash service pursuant to Rule 12(b)(4) and (b)(5), arguing Plaintiff's attempt at service was defective. *See id.* at 3. In his response, Relator argues he diligently attempted service on Defendant and spoke with an officer supervising Defendant on or about August 1, 2022, who advised that he would serve Defendant at the Residential Reentry Management ("RRM") field office in Grand Prairie, Texas. *See* Dkt. 191 at 2. Relator states the summons was signed by RRM personnel to be given to Defendant, and even if the earlier service was improper, Relator served Defendant on September 6, 2022, by a Texas private process server after learning of Defendant's residence. *See id.*

Defendant does not argue or indicate in any way that he was prejudiced by the defective summons, only that it was directed to an incorrect address and signed for by an "unknown person purportedly with the Bureau of Prisons." Dkt. 187 at 2. No dispositive motions affecting Defendant have been filed or heard in the case, nor has the Court entered an entry of default judgment against Defendant. *See Velasquez*, 2017 WL 10181040, at *2 ("Meanwhile, no dispositive motions affecting the Defendant have been filed or heard in this case. The only threat of adverse action, the Court's order requiring Defendant to respond or face default, was received and timely responded to by Defendant with the present Motion . . . ."). Furthermore, federal courts have consistently held that as an alternative to dismissal without prejudice, it is within the court's discretion to quash an attempt at service and provide additional time to effect proper service. *See Hicks v. Dallas Cnty. Cmty. Colls.*, No. 3:17-cv-809, 2017 WL 6628454, at *3 (N.D. Tex. Sept. 18, 2017), *R. & R.*

4

*adopted* 2017 WL 6621574, (N.D. Tex. Dec. 28, 2017) (collecting cases). Plaintiff appears to have made a good faith effort to serve Defendant by seeking a disclosure of Defendant's location from the Bureau of Prisons, *see* Dkt. 181, and ultimately, Defendant has been served with the complaint, *see* Dkts. 191-1, 191-2. Therefore, dismissal pursuant to 12(b)(4) and 12(b)(5) is not appropriate. *See Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 3:01-cv-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) ("Indeed, dismissal is not appropriate unless 'there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant.'" (quoting *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959))).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion to Quash (Dkt. 187) be **GRANTED IN PART** and **DENIED IN PART**. The Motion to Quash should be **GRANTED** to the extent it seeks to quash Relator's previous attempt at service (Dkts. 182, 183); and **DENIED** to the extent it seeks dismissal under Rule 12(b)(4) and 12(b)(5).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

(en banc), *superseded by statute on other grounds*, 29 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

## V.  ORDER

**IT IS ORDERED** that Relator's Motions (Dkts. 181, 184) be **DENIED** as moot.

**So ORDERED and SIGNED this 20th day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE