IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| and ) | |
| TOM PROCTOR, ) | |
| ) | |
| Plaintiffs, ) | Case No.4:17-cv-00169-ALM-KPJ |
| v. ) | |
| ) | |
| NEXT HEALTH, LLC, ) | |
| SEMYON NAROSOV, and ) | |
| ANDREW HILLMAN ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT SEMYON NAROSOV'S RULE 4 MOTION TO DISMISS**

COMES NOW the Plaintiff/ Relator Tom Proctor and the United States of America, and for their response to the Defendant Semyon Narosov's Rule 4 Motion to Dismiss and states as follows:

The Defendant's Rule 4 Motion is misplaced and should be overruled for two reasons. The first being that the Defendant has failed to consider the nature and controlling characteristics of a Qui Tam action being required to be filed under seal, and the control of the seal being in the Judge's control. The second is the Defendant's failure to consider orders of the Court and good cause shown by the Plaintiff.

**HISTORY OF THE CASE**

1. The case was filed on March 7, 2017, under Seal pursuant to 31 U.S.C. § 3729, et. seq. (*See* Exhibit 1, Docket 1 in this case.)

1

2. The US Attorney was granted a Partial Lifting of this Seal on September 11, 2018, for the sole purpose of disclosing the Complaint to the Defendants and their counsel. (*See* Exhibit 2, Docket 12 in this case.)

3. The U.S. Attorney of the Eastern District of Texas declined to Intervene in this case on August 14, 2020. (*See* Exhibit 3, Docket 27 in this case.)

4. On October 8, 2020, after Plaintiff had several issues locating and serving Defendant's, Plaintiff filed a Motion for Leave to Utilize the U.S. Marshalls to serve the Defendants (*See* Exhibit 4, Docket 29 in this case), which was granted on November 13, 2020. (*See* Exhibit 6, Docket 32 in this case.)

5. On November 5, 2020, Plaintiff filed for an extension of time in order to make service on the Defendants, due to problems locating the Defendants (*See* Exhibit 5, Docket 31 in this case), which was granted on November 13, 2020. (*See* Exhibit 6, Docket 32 in this case.)

6. On January 21, 2021, the Plaintiff then requested to unseal the case in order to effectuate service on the Defendant corporation, Next Health, LLC (*See* Exhibit 7, Docket 39 in this case), which was granted on June 8, 2021. (*See* Exhibit 8, Docket 50 in this case.)

7. On June 8, 2021, Plaintiff filed a Motion to Serve the Wardens of the Government Facilities that housed the Defendants according to the Bureau of Prisons website, as the Marshalls had not achieved effective service, and Plaintiff's certified mail

attempts were being returned (*See* Exhibit 9, Docket 51 in this case), which was granted on June 11, 2021 (*See* Exhibit 10, Docket 52 in this case.)

8. On July 21, 2021, the Judge ordered the US Marshalls to serve the Defendants at the Bureau of Prisons locations in which they were housed. (*See* Exhibit 11, Docket 57 in this case.)

9. On October 28, 2021, the Court entered another Order granting an extension until November 12, 2021 to attempt service, as all previous attempts were returned in the mail and the US Marshalls were filed as the wrong address. (*See* Exhibit 12, Docket 123 in this case.)

10. On January 20, 2022, the Plaintiff filed an Amended Complaint. (*See* Exhibit 13, Docket 171 in this case.

11. On February 7, 2022, the Court Sealed the Amended Complaint, and ordered the Plaintiff to serve the Defendants with the Amended Complaint. (*See* Exhibit 14, Docket 173 in this case.)

12. On March 24, 2022, Plaintiff effectuated service on Defendant A.H. (*See* Exhibit 15, Docket 177 in this case.)

13. On August 8, 2022, after repeated attempts, Plaintiff served the individual assigned to be Defendant S.N.'s case supervisor. (*See* Exhibit 16, Docket 185 in this case.)

14. On September 1, 2022, Defendant S.N. filed his Motion to Quash, giving Plaintiff the correct address for personal service, and Plaintiff effectuated service on

3

    Defendant S.N. on September 6, 2022 by private process server. (*See* Exhibit 17, Docket 187. *See* Exhibit 18, Docket 189.)

15. The Court granted in part and denied in part the Motion to Quash on October 21, 2022. Dismissing the service effectuated on August 8, 2022, but holding that the service on September 6, 2022 is valid. (*See* Exhibit 19, Docket 197 in this case.)

## **BRIEF IN SUPPORT**

    The Defendant now brings his Motion to Dismiss Complaint through Rule 4 of the Federal Rules of Civil Procedure, claiming that service was not achieved within the parameters of Rule 4(m). Defendant notes that he was not served within the standard ninety days for service. The Defendant fails to address the issue of both the Original and Amended Complaints having been filed "Under Seal" as an 'ex rel' Qui Tam case pursuant to 31 U.S.C. §3730(b)(2). The Complaint "shall not be served on the Defendant until the Court has so ordered". There was a partial unsealing in order for the Defendants to be notified during their criminal proceedings, prior to their guilty pleas, of the existence and nature of the government's case against them in this matter. (See Exhibit 2.)

    When the Court ordered service to be made, the Plaintiff attempted every means available to them to achieve service, including mistakenly making service on penal institutions listed with the Bureau of Prisons as the facilities housing the Defendants even though they had been moved and the information was not updated. An employee of one

4

of the institutions finally informed Plaintiff that the Defendant was released on house arrest because of Covid-19.

The Plaintiff's search of Qui Tam cases with the same issue for service in the 5th Circuit are slim. *Ross v. Bob Dean Enters.*, No. 10-287, 2013 U.S. Dist. LEXIS 12486, (E.D. La. 2013), a 2013 case from the Eastern District of Louisiana is one such case that does help to show a precedent for this matter. (*See* Exhibit 20, Ross v. Bob Dean Enters. case from Lexis.)

> "The burden is clearly on the plaintiff to show good cause as to why service was not effected timely, and the plaintiff must demonstrate 'at least as much as would be required to show excusable neglect.' Nonetheless, the Court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause."

*Ross v. Bob Dean Enters.*, No. 10-287, 2013 U.S. Dist. LEXIS 12486, at *10 (E.D. La. 2013)

> "However, if the claims being dismissed without prejudice for failure to comply with Rule 4(m) would be time-barred by limitations upon refiling, the dismissal should be treated as a dismissal with prejudice under Federal Rule of Civil Procedure 41(b). A dismissal with prejudice under Rule 41(b) requires a 'clear record of delay or contumacious conduct by the plaintiff,' and a finding that 'lesser sanctions would not serve the best interest of justice.'"

*Ross v. Bob Dean Enters.*, No. 10-287, 2013 U.S. Dist. LEXIS 12486, at *10 (E.D. La. 2013)

> "The FCA prohibits any person from making false or fraudulent claims for payments to the United States. Plaintiff filed suit under 31 U.S.C. § 3730(b)(1), which allows private individuals to bring *qui tam* actions in the Government's name for violations of § 3729.

5

> Plaintiff contends that because this *qui tam* action was originally sealed and the Court did not specify a time for service when the complaint was unsealed, Plaintiff was not required to serve the complaint on Defendant within any particular period of time. However, the procedural requirements of Rule 4 are equally applicable in the context of *qui tam* actions. Indeed 31 U.S.C. § 3730(b)(3) contemplates the application of Rule 4(m): '[t]he defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.'
>
> Plaintiff carries the burden to demonstrate the validity of service and good cause for failure to comply with Rule 4. To justify the nearly ten month delay in service after the complaint was unsealed, Plaintiff asserts that the Court did not originally order service within a specified time and the Plaintiff satisfied the call docket held on August 1, 2012. The statute under which Plaintiff brings this action clearly indicates that service must comply with Rule 4. Therefore, this Court is not persuaded by Plaintiff's argument the delay is justified because the Court's order unsealing the complaint did not specify service within a particular time.
>
> Nevertheless, Rule 4 gives the Court the discretion to order that service be made within a specified time if the requirement of service within 120 days is not met, instead of dismissing the complaint without prejudice. When Plaintiff's failure to comply with Rule 4(m) came to this Court's attention, a call docket was held at which time the Court acted within its discretion to 'order that service be made within a specified time.' The Court gave Plaintiff an additional thirty days to serve Defendant, and Plaintiff effected service 23 days later. Therefore, the Court will deny the motion to dismiss Plaintiffs' FCA claims on the basis of untimely service of the complaint."

*Ross v. Bob Dean Enters.*, No. 10-287, 2013 U.S. Dist. LEXIS 12486, at *10-13 (E.D. La. 2013) While there are differences in the reasons why the plaintiff in *Ross* didn't make timely service and why Plaintiffs in the matter at hand weren't able to make timely

6

service, the precedent is set that the Court was within its right to grant the extensions for Plaintiffs to continue their attempts to gain service on the Defendant.

Wherefore, the Plaintiff prays this Motion and the Defendants request that the case be dismissed should be denied, and the case should proceed pursuant to the Court's schedule and the Rules of Civil Procedure.

Respectfully Submitted,

*[signature]*

Gaylon C. Hayes
Texas Bar No: 24071384
Oklahoma Bar No: 14492
6805 S. Western Ave. Suite 500
Oklahoma City, Ok. 73139
Telephone: 405-616-5045
Facsimile: 405-616-5062
Email: gaylon@hhhlawfirm.com
       whitney@hhhlawfirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on the 30TH of NOVEMBER, 2022, a true and correct copy of the above and foregoing instrument was mailed postage fully prepaid thereon to the following pro-se Defendant of record, to-wit:

Semyon Narosov
216 Frio Dr.
Irving, TX 75039

_____
GAYLON C. HAYES