AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

## EASTERN   DISTRICT OF   TEXAS

United States of America, ex rel
V.
Next Health, LLC, et al

### EXHIBIT AND WITNESS LIST

Case Number:  4:17cv169 ALM/KPJ

| PRESIDING JUDGE Kimberly C. Priest-Johnson | | | | PLAINTIFF'S ATTORNEY Gaylon C. Hayes | DEFENDANT'S ATTORNEY Michael Elliott; Christopher Quinlan |
|---|---|---|---|---|---|
| HEARING DATE 1/19/2023 – Motion to Withdraw Counsel (195) | | | | COURT REPORTER Digital – FTR | COURTROOM DEPUTY J. Amerson |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
| | 1 | 1/19/2023 | 1/19/2023 | 1/19/2023 | Judgment in NDTX Criminal Case 3:18cr475 Semyon Narosov |
| | 2 | 1/19/2023 | 1/19/2023 | 1/19/2023 | Judgment in NDTX Criminal Case 3:18cr475 Andrew Jonathan Hillman |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:18-CR-00475-JJZ(2)** |
| **SEMYON NAROSOV** | § USM Number: **55049-177** |
| | § **Toby L Shook/Jay Ethington** |
| | § <span style="font-size:smaller">Defendant's Attorney</span> |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Count 1 of the Information, filed on September 24, 2018.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1956(h) Conspiracy to Commit Money Laundering | July 2018 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)　☐ is　☐ are dismissed on the motion of the United States

 It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 29, 2020**
<span style="font-size:smaller">Date of Imposition of Judgment</span>

**s/ Jack Zouhary**
<span style="font-size:smaller">Signature of Judge</span>

**JACK ZOUHARY**
**UNITED STATES DISTRICT JUDGE**
<span style="font-size:smaller">Name and Title of Judge</span>

**July 2, 2020**
<span style="font-size:smaller">Date</span>



EXHIBIT
1
4:17cv169

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 2 of 9

DEFENDANT:       SEMYON NAROSOV
CASE NUMBER:   3:18-CR-00475-JJZ(2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Seventy-Six (76) months as to count 1 of the Information. This sentence shall run concurrently with the sentence imposed in Case No. 3:16-CR-516-20.**

☒   The court makes the following recommendations to the Bureau of Prisons:

      That the defendant participate in the Residential Drug Abuse Treatment Program at the designated institution; that the defendant participate in mental health programs at the designated institution; that the defendant participate in cognitive behavioral programs at the designated institution; and that the defendant be designated to the most appropriate facility closest to Dallas.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

      ☐   at                ☐   a.m.     ☐   p.m.   on

      ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐   before 2 p.m. on
      ☐   as notified by the United States Marshal.
      ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 3 of 9

DEFENDANT:        SEMYON NAROSOV
CASE NUMBER:      3:18-CR-00475-JJZ(2)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **Three (3) years as to Count 1 of the Information. Supervised release imposed in this case shall run concurrently with the supervised release imposed in Case No. 3:16-CR-516-20**

# MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☒  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒  You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐  You must participate in an approved program for domestic violence. (*check if applicable*)

    You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

DEFENDANT:     SEMYON NAROSOV
CASE NUMBER:   3:18-CR-00475-JJZ(2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 5 of 9

DEFENDANT:        SEMYON NAROSOV
CASE NUMBER:      3:18-CR-00475-JJZ(2)

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, Defendant is ordered to immediately pay a restitution in the amount of $936,628.00, joint and several with Andrew Johnathan Hillman (1) under Case No. 3:18-CR-475-JJZ. Restitution is payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to victims listed on Criminal Monetary Penalties page below.

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $200 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

The defendant shall in mental health treatment services as directed by the probation officer until successfully discharge. These services may include medications prescribed by a licensed physician. Defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

The defendant shall provide to the probation officer complete access to all business and personal financial information.

The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of billing federal insurance programs, including Medicare, Medicaid, Department of Labor, Tricare, and Federal Healthcare Benefits Program. Defendant shall not accept payment from any hospital, surgical center or any business affiliated directly or indirectly with a hospital or surgical center without the probation officer's approval.

The defendant shall pay any remaining balance of the restitution as set out in this Judgment.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 6 of 9

DEFENDANT:          SEMYON NAROSOV
CASE NUMBER:        3:18-CR-00475-JJZ(2)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments page.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 |  | $.00 | $936,628.00 |

☐   The determination of restitution is deferred until          An *Amended Judgment in a Criminal Case (AO245C)* will be entered
     after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C.
     § 3664(i), all nonfederal victims must be paid before the United States is paid.

**Restitution of $936,628.00, jointly and severally with co-defendant Andrew Jonathan Hillman (3:18-cr-00475-1), to:**

**DEFENSE CRIMINAL INVESTIGATIVE SERVICE**
**(Department of Defense)**
**$25,875.23**

**AETNA-SIU**
**$97,591.66**

**BLUECROSS BLUE SHIELD**
**$267,140.32**

**CIGNA**
**$72,009.81**

**HUMANA, INC**
**$245,561.37**

**U.S. DEPARTMENT OF LABOR**
**$40,093.68**

**UNITED HEALTHCARE**
**$188,355.93**

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
     the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule
     of Payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒   the interest requirement is waived for the    ☐  fine          ☒  restitution

    ☐   the interest requirement for the    ☐  fine          ☐  restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

DEFENDANT:     SEMYON NAROSOV
CASE NUMBER:     3:18-CR-00475-JJZ(2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $100.00 due immediately, balance due

      ☐   not later than _____ , or

      ☒   in accordance    ☐   C,    ☐   D,    ☒   E, or    ☒   F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐   C,    ☐   D, or    ☐   F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☒   **RESTITUTION: After release from imprisonment, Defendant shall make payments on the unpaid balance of restitution in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $200 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. At least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 and any other means available under federal or state law.**

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:
      **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several
      See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.
☐   The defendant shall pay the following court cost(s):
☒   The defendant shall forfeit the defendant's interest in the following property to the United States: **See additional forfeiture property page(s) entered on June 4, 2020.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                              Judgment -- Page 8 of 9

DEFENDANT:          SEMYON NAROSOV
CASE NUMBER:        3:18-CR-00475-JJZ(2)

# ADDITIONAL FORFEITED PROPERTY

a. $116,732.63 seized from Frost Bank Account #XXXX9375 in the name of Advanced Total Management DBA US Healthcare;

b. $25,424.63 seized from Frost Bank Account #XXXX0047 in the name of Energized LLC;

c. $8,737.90 seized from Frost Bank Account #XXXX0390 in the name of Llana or Semyon Narosov Household Account;

d. $13,314.65 seized from Frost Bank Account #XXXX0412 in the name of Aubree Narosov or Semyon Narosov or Ilana Narosov;₁

e. $13,287.77 seized from Frost Bank Account #XXXX3158 in the name of Lana or Semyon Narosov;

f. $11,471.29 seized from Frost Bank Account #XXXX2507 in the name of Pinnacle Pharma LLC;

g. $30.89 seized from Frost Bank Account #XXXX5436 in the name of Llana Narosov Personal Account;

h. $755.55 seized from Frost Bank Account #XXXX9480 in the name of Executive Healthcare LLC;

i. $267.15 seized from Frost Bank Account #XXXX9979 in the name of Executive Healthcare LLC DBA The Apothcary Shop #7;

j. $2,982.05 seized from Frost Bank Account #XXXXX0004 in the name of Optimized Inc.;

k. $163.54 seized from Frost Bank Account #XXXX0012 in the name of Optimized Inc.;

l. $3,270.72 seized from Frost Bank Account #XXXX0020 in the name of Maximized LLC Operating Account;

m. $245.00 seized from Frost Bank Account #0055 in the name of Energized LLC;

n. $2,221.82 seized from Frost Bank Account #XXXX2902 in the name of Total Pharma LLC;

o. $973.05 seized from Frost Bank Account #XXXX9352 in the name of Pharma Holdings US LTD DBA United Pharmacy Group;

p. $476.05 seized from Frost Bank Account #XXXX0369 in the name of Community Express Pharmacy;

q. $109.43 seized from BB&T Bank Account #XXXX5856 in the name of Forney Pharm LLC;

r. $1,046.09 seized from BB&T Bank Account #XXXX5872 in the name of Legacy Pharmacy LLC;

s. $20.01 seized from BB&T Bank Account #XXXX6003 in the name of Total Pharma LLC;

DEFENDANT:        SEMYON NAROSOV
CASE NUMBER:      3:18-CR-00475-JJZ(2)

t. $2,208.12 seized from BB&T Bank Account #XXXX6089 in the name of Dallasite Inc.;

u. $35,795.64 seized from Banco Popular de Puerto Rico (BPPR) Account #XXXX5457 in the name of Semyon Narosov Y/O Rossel Narosov;

v. $59,940.51 seized from BB&T Bank Account #XXXX2218 in the name of Next Health LLC Operating Account;

w. $5,440.71 seized from BB&T Bank Account #XXXX5929 in the name of Meyerland Pharmacy LLC;

x. $15,182.27 seized from BB&T Bank Account #XXXX5945 in the name of Parkwood Pharmacy LLC Operating Account;

y. $1,712,417.73 seized from BB&T Bank Account #XXXX5988 in the name of Pharma Holding US LTD Operating;

z. $954,614.56 seized from BB&T Bank Account #XXXX6046 in the name of Pham Family Pharmacy Inc., Operating Account;

aa. $25,888.63 seized from BB&T Bank Account #XXXX6100 in the name of Pinnacle Pharma LLC Operating Account;

bb. One Sunseeker 62ft Yacht, Hull #XSK02651G304, or, in lieu of the property, the cash proceeds resulting from the sale; and

cc. One 2017 Mercedes Benz, VIN WDDXK7JB3HA018067 registered to Semyon Narosov;

Case 4:17-cv-00169-ALM-KPJ   Document 214   Filed 01/19/23   Page 11 of 20 PageID #:
Case 3:18-cr-00475-JJZ   Document 133   Filed 01/09/20   Page 1 of 10   PageID 1274
33678

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:18-CR-00475-JJZ(1)** |
| **ANDREW JONATHAN HILLMAN** | § USM Number: 33631-177 |
| | § **Brian Daniel Poe** |
| | § Defendant's Attorney |
| | § |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Count 1 of the Information, filed on September 24, 2018.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18: U.S.C. § 1956(h) Conspiracy to Commit Money Laundering | July 2018 | 1 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☐   Count(s)   ☐ is   ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 19, 2019**
Date of Imposition of Judgment

s/Jack Zouhary
Signature of Judge

**JACK ZOUHARY**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**January 9, 2020**
Date



EXHIBIT
2
4:17cv169

Case 4:17-cv-00169-ALM-KPJ Document 214 Filed 01/19/23 Page 12 of 20 PageID #:
Case 3:18-cr-00475-JJZ Document 134 Filed 01/09/20 Page 2 of 10 PageID 1275
33679

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 2 of 10

DEFENDANT: ANDREW JONATHAN HILLMAN
CASE NUMBER: 3:18-CR-00475-JJZ(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Sixty-six (66) months as to count 1. This sentence shall run concurrently with the sentence imposed in 3:16-CR-516-JJZ(19).

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in the Residential Drug Abuse Treatment Program at the designated institution; and that the defendant be designated to the most appropriate facility closest to Dallas.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at                           ☐ a.m.    ☐ p.m.    on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

Case 4:17-cv-00169-ALM-KPJ   Document 214   Filed 01/19/23   Page 13 of 20 PageID #:
33686
Case 3:18-cr-00475-JJZ   Document 134   Filed 01/09/20   Page 3 of 10   PageID 1276

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                                   Judgment -- Page 3 of 10

DEFENDANT:       ANDREW JONATHAN HILLMAN
CASE NUMBER:     3:18-CR-00475-JJZ(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :  **three (3) years. This term of supervised release shall run concurrently, with the supervised release imposed in 3:16-CR-516-JJZ.**

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

      ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

        You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                    Judgment -- Page 4 of 10

DEFENDANT:        ANDREW JONATHAN HILLMAN
CASE NUMBER:      3:18-CR-00475-JJZ(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.


Defendant's Signature _____     Date _____

DEFENDANT:      ANDREW JONATHAN HILLMAN
CASE NUMBER:    3:18-CR-00475-JJZ(1)

# SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $3,042,716.54, jointly and severally with Semyon Narasov (2), payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to:

United Healthcare
$611,890.41
Re: NextHealth Fraud (No. 3:18CR475)
Blue Cross Blue Shield
$867,828.27
Re: NextHealth Fraud (No. 3:18CR475)
Humana
$797,727.22
Re: NextHealth Fraud (No. 3:18CR475)
Cigna
$233,930.05
Re: NextHealth Fraud (No. 3:18CR475)
Aetna
$317,034.91
Re: NextHealth Fraud (No. 3:18CR475)
Defense Criminal Investigative Service (Department of Defense)
$84,057.91
Re: NextHealth Fraud (No. 3:18CR475)
Department of Labor
$130,247.77
Re: NextHealth Fraud (No. 3:18CR475)

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

DEFENDANT:      ANDREW JONATHAN HILLMAN
CASE NUMBER:    3:18-CR-00475-JJZ(1)

use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

The defendant shall provide to the probation officer any requested financial information.

The defendant shall pay any remaining balance of restitution as set out in this Judgment.

The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of health care or health care billing without the probation officer's approval.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                                    Judgment -- Page 7 of 10

DEFENDANT:       ANDREW JONATHAN HILLMAN
CASE NUMBER:     3:18-CR-00475-JJZ(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments page.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $100.00 | | $.00 | $3,042,716.54 |

☐ The determination of restitution is deferred until     An *Amended Judgment in a Criminal Case (AO245C)* will be entered
   after such determination.
☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C.
   § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $3,042,716.54 to:

   DEFENSE CRIMINAL INVESTIGATIVE SERVICE (DEPARTMENT OF DEFENSE)
   $84,057.91
   Re: NextHealth Fraud (No. 3:18CR475)

   AETNA-SIU
   $317,034.91
   Re: NextHealth Fraud (No. 3:18CR475)

   BLUECROSS BLUE SHIELD
   $867,828.27
   Re: NextHealth Fraud (No. 3:18CR475)

   CIGNA
   $233,930.05
   Re: NextHealth Fraud (No. 3:18CR475)

   HUMANA, INC
   $797,727.22
   Re: NextHealth Fraud (No. 3:18CR475)

   U.S. DEPARTMENT OF LABOR
   $130,247.77

   UNITED HEALTHCARE
   $611,890.41
   Re: NextHealth Fraud (No. 3:18-CR475)

☐ Restitution amount ordered pursuant to plea agreement $
☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
   the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule
   of Payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☒ the interest requirement is waived for the   ☐ fine        ☒ restitution
   ☐ the interest requirement for the            ☐ fine        ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case

Judgment -- Page 8 of 10

DEFENDANT:        ANDREW JONATHAN HILLMAN
CASE NUMBER:     3:18-CR-00475-JJZ(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

    ☐  not later than        , or

    ☒  in accordance    ☐   C,     ☐   D,     ☒   E, or     ☒   F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐   C,     ☐   D, or     ☐   F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment;
    or

**D**  ☐  Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from
    imprisonment to a term of supervision; or

**E**  ☒  Payment during the term of supervised release will commence within sixty (60) *(e.g., 30 or 60 days)* after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;
    or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
    **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1, which**
    **shall be due immediately.  Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.
    Semyon Narasov (2) - $3,042,716.54.

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☒  The defendant shall forfeit the defendant's interest in the following property to the United States:
    **See additional forfeiture property page(s).**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

Case 4:17-cv-00169-ALM-KPJ Document 214 Filed 01/19/23 Page 19 of 20 PageID #:
33686
Case 3:18-cr-00475-JJZ Document 134 Filed 01/09/20 Page 9 of 10 PageID 1282
AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                    Judgment -- Page 9 of 10

DEFENDANT:        ANDREW JONATHAN HILLMAN
CASE NUMBER:      3:18-CR-00475-JJZ(1)

## ADDITIONAL FORFEITED PROPERTY

Pursuant to 18 U.S.C. §§ 982(a)(1) and FED. R. CRIM. P. 32.2(b)(4)(B), it is hereby ordered that

defendant's interest in the following property is condemned and forfeited to the United States:

a. $52,180.98 seized from Frost Bank Account #XXX1871;

b. $116,732.63 seized from Frost Bank Account #XXXX9375;

c. $25,424.63 seized from Frost Bank Account #XXXX0047;

d. $11,471.29 seized from Frost Bank Account #XXXX2507;

e. $1,603.38 seized from Frost Bank Account #XXXX1863;

f. $755.55 seized from Frost Bank Account #XXXX9480;

g. $267.15 seized from Frost Bank Account #XXXX9979;

h. $2,982.05 seized from Frost Bank Account #XXXX0004;

i. $163.54 seized from Frost Bank Account #XXXX0012;

j. $3,270.72 seized from Frost Bank Account #XXXX0020;

k. $245.00 seized from Frost Bank Account #XXXX0055;

l. $930.83 seized from Frost Bank Account #XXXX1906;

m. $2,221.82 seized from Frost Bank Account #XXXX2902;

n. $973.05 seized from Frost Bank Account #XXXX9352;

o. $476.05 seized from Frost Bank Account #XXXX0369;

p. $1,114.88 seized from Frost Bank Account #XXXX8841;

q. $109.43 seized from BB&T Bank Account #XXXX5856;

r. $1,046.09 seized from BB&T Bank Account # XXXX5872;

AO 245B (Rev. TXN 2/18) Judgment in a Criminal Case                                              Judgment -- Page 10 of 10

DEFENDANT:         ANDREW JONATHAN HILLMAN
CASE NUMBER:       3:18-CR-00475-JJZ(1)

s.  $20.01 seized from BB&T Bank Account #XXXX6003;

t.  $2,208.12 seized from BB&T Bank Account #XXXX6089;

u.  $59,940.54 seized from BB&T Bank Account #XXXX2218;

v.  $5,440.71 seized from BB&T Bank Account #XXXX 5929;

w.  $15,182.27 seized from BB&T Bank Account #XXXX5945;

x.  $1,712,417.73 seized from BB&T Bank Account #XXXX5988;

y.  $954,614.56 seized from BB&T Bank Account #XXXX6046;

z.  $25,888.63 seized from BB&T Bank Account #XXXX6100;

aa. $1.00 seized from each of BB&T Bank Accounts #XXXX6054; #XXXX6097; #XXXX5775; and #XXXX5937;

bb. One 2015 Ford F-150, VIN: 1FTEW1EG9FFC92365;

cc. One 2016 Bentley GTC, VIN: SCBGH3ZA8GC052993; and

dd. One 2017 Rolls Royce Dawn, VIN: SCA666D50HU102668"