**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, *ex rel.* TOM PROCTOR,** | § | |
| **Plaintiff,** | § | **Civil Action No. 4:17-cv-169-ALM-KPJ** |
| **v.** | § | |
| **NEXT HEALTH LLC, *et al.*,** | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Next Health LLC's ("Next Health") Unopposed Motion to Withdraw as Counsel (Dkt. 195) (the "Motion"), wherein Next Health's counsel of record, Michael Charles Elliott ("Mr. Elliott") and Christopher Paul Quinlan ("Mr. Quinlan", and together with Mr. Elliott, "Next Health's Counsel"), request leave to withdraw because "Next Health lacks *any* employees or representatives and thus cannot assist or direct Counsel in its representation." *See id.* at 2.[1] Next Health's Counsel represents that Relator Tom Proctor ("Relator") and Defendant Semyon Narosov ("Narosov") are unopposed to the Motion.[2] *See id.* at 4. Upon consideration, the Motion (Dkt. 195) is **GRANTED**.

## I. BACKRGROUND

On March 7, 2017, Relator filed this qui tam action on behalf of the United States against Defendants Next Health, Narosov, and Hillman (together, "Defendants"), asserting violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq., and various Texas false claims and

[1] When citing to the Motion (Dkt. 195), the Court cites to CM/ECF pagination rather than internal pagination.

[2] To date, Defendant Andrew Hillman ("Hillman") has not made an appearance in this matter.

healthcare fraud remedial statutes. *See* Dkt. 1. On August 14, 2020, the United States declined to intervene in the case. *See* Dkt. 27. On June 8, 2021, the Court ordered the Clerk of Court unseal Relator's Complaint (Dkt. 1) and the United States' notice of its decision not to intervene in this action (Dkt. 27). *See* Dkt. 50.

On January 20, 2022, Relator filed an amended complaint (the "Amended Complaint") (Dkt. 171). On February 3, 2022, Next Health filed a motion to dismiss ("Next Health's Motion to Dismiss") (Dkt. 172), seeking dismissal of the Amended Complaint. *See id.* On September 9, 2022, the Court entered its Report and Recommendation (Dkt. 192) (the "Report"), wherein the Court recommended denying Next Health's Motion to Dismiss (Dkt. 172). *See* Dkt. 192. On September 27, 2022, the Memorandum Adopting the Report (Dkt. 193) (the "Memorandum Adopting") adopted the findings of fact and conclusions of law denying Next Health's Motion to Dismiss (Dkt. 172). *See* Dkt. 193.

On October 12, 2022, Next Health's Counsel filed the Motion, asserting "Next Health's manager and last remaining employee tendered his resignation. As a result, Next Health has no authorized representative, and Counsel cannot independently answer the Complaint in compliance with all procedural rules and ethical obligations." Dkt. 195 at 2. Next Health's Counsel contends:

> While there is no antagonism between Next Health and Counsel, the attorney-client relationship has nonetheless broken down in that *there is no longer a client representative* with which to have a relationship. Next Health continues its technical, legal existence on paper, but has no employees, managers, or other representatives to direct or to provide information to Next Health's Counsel. In short, without a single remaining Next Health employee or representative, Counsel cannot adequately represent Next Health or its interests in this litigation.

*Id.* at 3.

The Court is also aware that the same issue has arisen in a proceeding in the Northern District of Texas, where different attorneys acting as counsel for Next Health, R. Ritch Roberts,

III ("Mr. Roberts") and Alexandra Hunt ("Ms. Hunt"), filed a motion to withdraw. *See United Healthcare Servs. Inc. v. Next Health, LLC*, No. 3:17-cv-243 (N.D. Tex. Jan. 26, 2017); Dkts. 715, 725. In *United Healthcare Services.*, the court denied Mr. Roberts and Ms. Hunt's motion to withdraw and emergency motion for reconsideration. *See United Healthcare Servs. Inc.*, No. 3:17-cv-243, Dkt. 720 ("Sure, counsel for Next Health points out that the plaintiffs appear bent on litigation to a judgment, which could be costly. But allowing counsel to withdraw for an insolvent corporate entity to impermissibly represent itself is not the solution."); *Id.*, Dkt. 726. On October 21, 2022, Mr. Roberts and Ms. Hunt represented in a response to a summary judgment motion that they were "ethically preclude[d] . . . from taking action on Next Health's behalf, including the formation of any substantive response to Plaintiffs' Motion for Partial Summary Judgment" and Next Health has "no representative or employees who can provide information or testimony that may substantively oppose the Motion, prove up evidence in response to the Motion, or otherwise facilitate responding to it." *Id.*, Dkt. 729 at 1.

In the present case, the Court ordered Next Health's Counsel provide legal authority and evidence whether Next Health lacks a corporate representative that may direct Next Health's Counsel; and, if Next Health does not have a corporate representative, a proposed course of action supported by legal authority, the Texas Disciplinary Rules of Professional Conduct, and any other applicable ethics opinions. *See* Dkt. 198 at 4. On December 1, 2022, Next Health's Counsel filed its "Brief Providing Legal Authority and Evidence" (the "Supplemental Brief") (Dkt. 205). In the Supplemental Brief, Next Health's Counsel asserts that "Next Health's most recent manager represented to Counsel that no successor to managerial authority was available. No individual has subsequently claimed managerial authority over Next Health or purported to be its authorized representative." *Id.* at 1. Next Health's Counsel further represents the matter was discussed with

the State Bar of Texas Ethics Commission (the "Commission") via the State Bar of Ethics Helpline, "but neither the Commission nor Counsel have been able to identify any effective mechanism whereby Counsel could compel any individual to serve as a corporate representative." *Id.* Next Health's Counsel argues that Next Health may not "meaningfully participate in the litigation if Next Health continues to have no corporate representative." *Id.* at 1–2. Next Health's Counsel asserts they cannot file an answer on Next Health's behalf, as to do so would violate both Texas Disciplinary Rule of Professional Conduct 3.01 and Federal Rule of Civil Procedure 11. *See id.* at 3. Next Health further argues that without a corporate representative, they are unable to secure authorization to file an answer. *See id.*

Next Health's Counsel includes the Declaration of Mr. Quinlan (the "Declaration") (Dkt. 205-1) in support of the Supplemental Brief (Dkt. 205). In the Declaration (Dkt. 205-1), Mr. Quinlan states the following:

> 1. My name is Christopher Quinlan. I am over the age of 18 and have never been convicted of a felony or crime of moral turpitude. I am of sound mind and competent to make this Declaration. The statements made herein are based on my own personal knowledge unless noted otherwise.
>
> 2. I am an attorney currently representing Next Health, LLC in the above styled and captioned matter. I have knowledge of the facts stated herein in that capacity.
>
> 3. Prior to August 24, 2022, Cary Rossel was my point of contact and was the client representative for Next Health. I am aware that, until August 24, 2022, Mr. Rossel served as the manager of Next Health.
>
> 4. On August 24, 2022, Mr. Rossel notified me that he was resigning, effective immediately, from his position as manager of Next Health. Mr. Rossel informed me that he could no longer serve as Next Health's manager as a result of [personal reasons].
>
> 5. I have reviewed and am familiar with Next Health's governing documents. I am aware of no basis upon which Next Health may reject Mr. Rossel's resignation or whereby it may otherwise compel him to continue as its manager contrary to his will.
>
> 6. I am generally familiar the current and historical management structure of Next Health and with the employees and personnel authorized to act on Next Health's behalf. I am

> aware that on August 24, 2022, Mr. Rossel was the sole remaining representative of Next Health and that Next Health had no other employees. Mr. Rossel has informed me that following his resignation no individuals remain who are able and willing to manage or represent Next Health.
>
> 7. I am not aware of any individual authorized to act on behalf of Next Health and do not believe that any such individual exists.
>
> 8. Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

*Id.* at 1–2.

On January 19, 2023, the Court held a hearing (the "Hearing") (Dkt. 213) on the Motion (Dkt. 195), which was attended by Next Health's Counsel, Narosov, and Relator. *See* Dkt. 213. During the Hearing, Next Health's Counsel asserted that Cary Rossel ("Mr. Rossel"), who had previously acted as Next Health's corporate representative, resigned and did not identify any successor. *See id.* Next Health's Counsel further represented to the Court that Narosov and Hillman could not act as Next Health's corporate representative because, in approximately 2016, Next Health's Board of Directors (the "Board of Directors") took action to remove Narosov and Hillman from operational roles in Next Health. *See id.* Additionally, Next Health's Counsel asserted Narosov and Hillman's respective conditions of supervised release do not permit them to act as corporate representatives for Next Health. *See id.* Relator and Narosov also represented to the Court they do not oppose the Motion (Dkt. 195). *See* Dkt. 213. Next Health's Counsel proffered, without objection, and the Court admitted the following: *United States v. Semyon Narosov*, No. 3:18-cr-00475-JJZ(2), Judgment in a Criminal Case, as Exhibit 1, *see* Dkt. 214 at 2–10; and *United States v. Andrew Jonathan Hillman*, No. 3:18-cr-00475-JJZ(1), Judgment in a Criminal Case, as Exhibit 2, *see* Dkt. 214 at 11–20. *See* Dkt. 213.

## II. LEGAL STANDARD

"Given the contractual nature of the attorney-client relationship, a lawyer who agrees to represent a client is generally 'expected to work through the completion of a case.'" *GlobeRanger Corp. v. Software AG*, No. 3:11-cv-403, 2014 WL 11456069, at *1 (N.D. Tex. July 11, 2014) (quoting *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993)). Withdrawal may be permitted, however, "upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *see White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010). An attorney seeking to withdraw "bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect efficient litigation of the suit." *Neal Techs., Inc. v. Unique Motorsports, Inc.*, No. 4:15-cv-385, 2018 WL 837715, at *2 (E.D. Tex. Feb. 13, 2018) (citation omitted). The decision to grant an attorney's motion to withdraw is "'entrusted to the sound discretion' of the district court." *Lewis v. Williamson County*, No. 1:21-cv-74, 2021 WL 5871540, at *1 (W.D. Tex. Nov. 23, 2021) (quoting *In re Wynn*, 889 F.2d at 646).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White*, 2010 WL 2473833, at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Thus, a court must consider the facts and circumstances of the case, as well as additional factors, before allowing an attorney to withdraw, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to

withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (collecting cases).

### III. ANALYSIS

Next Health's Counsel asserts they must withdraw pursuant to the "catchall" category of good causes to withdraw in the Texas Disciplinary Rules of Professional Conduct ("TDRPC"). *See* Dkt. 195 at 2; Tex. Disc. R. Prof'l Conduct R. 1.15(b)(7) ("[O]ther good cause for withdrawal exists."). Next Health's Counsel argues the lack of employees, managers, or other representatives constitutes a breakdown of the attorney-client relationship as there is no corporate representative "to direct or provide information to Next Health's Counsel." *Id.* at 3. Next Health's Counsel further represents the matter was discussed with the Commission via the State Bar of Ethics Helpline, "but neither the Commission nor Counsel [has] been able to identify any effective mechanism whereby Counsel could compel any individual to serve as a corporate representative." Dkt. 205 at 1. Additionally, Next Health's Counsel asserts they cannot file an answer on Next Health's behalf, as to do so would violate both TDRPC 3.01 and Federal Rule of Civil Procedure 11. *See id.* at 3. Next Health's Counsel argued at the Hearing (Dkt. 213) that neither Narosov nor Hillman could act as a corporate representative because of their respective conditions of supervised release, as well as prior action taken by Next Health's Board of Directors removing Narosov and Hillman from their operational roles. *See* Dkt. 213.

Next Health's Counsel is correct that filing an answer on behalf of Next Health without a corporate representative would violate TDRPC 3.01 and Rule 11 of the Federal Rules of Civil Procedure. TDRPC 3.01 requires that lawyers "conform not only to this Rule's prohibition of frivolous filings or assertions but also to any more stringent applicable rule of practice or procedure. For example, the duties imposed on a lawyer by Rule 11 of the Federal Rules of Civil

Procedure exceed those set out in this Rule." Tex. Disciplinary Rules Prof'l Conduct R, 3.01 cmt. 4. Rule 11 of the Federal Rules of Civil Procedure requires counsel perform an inquiry reasonable under the circumstances and that the "factual contentions have evidentiary support . . . after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). Implicit in this rule is the requirement that counsel inquire with its client, in this case the corporate representative, in order to adequately provide responsive pleadings. *See* FED. R. CIV. P. 11 advisory committee's note to 1983 amendment ("Thus, what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper . . . ."). Because Next Health cannot file an answer or otherwise respond pursuant to TDRPC 3.01, as it is unable to conduct a reasonable inquiry pursuant to Rule 11, Next Health's Counsel has good cause to withdraw. Tex. Disciplinary Rules Prof'l Conduct R, 1.15 cmt. 2 ("Similarly, paragraph (a)(1) of this Rule requires a lawyer to withdraw when the lawyer knows that the employment will result in a violation of a rule of professional conduct or other law.").

Furthermore, the Court agrees with Next Health's Counsel that neither Narosov nor Hillman may act as Next Health's corporate representative, nor can either of them be compelled to act as a corporate representative. *See* Dkt. 214. Narosov's conditions of supervised release set forth that Narosov "shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of billing federal insurance programs . . . ." *Id.* at 6. Similarly, Hillman "shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of health care or health care billing without the probation officer's approval." *Id.* at 16. Additionally, Next Health's Board of Directors previously took action to remove both Narosov and Hillman from their operational roles in Next Health. *See*

Dkt. 213. Therefore, the Court finds there is also good cause to withdraw under the catchall category of the TDRPC because Next Health's Counsel has no corporate representative that can provide guidance, make informed decisions regarding the representation, or aid in the litigation. *See* Tex. Disc. R. Prof'l Conduct R. 1.15(b)(7); MODEL RULES OF PROF'L. CONDUCT r. 1.2(a) (AM. BAR ASS'N 2013) ("Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are pursued."); MODEL RULES OF PROF'L. CONDUCT r. 1.4(b) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.").

While there is good cause to withdraw, the Court must consider whether the prosecution of the lawsuit will be disrupted by the withdrawal of counsel. "'[A] corporation can appear in a court of record only by an attorney at law.'" *Paradise Vill. Children's Home Inc. v. Liggins*, 78 F. App'x 930, 931–32 (5th Cir. 2003) (per curiam) (quoting *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)); *Lowe v. Eltan, B.V.*, No. 9:05-cv-38, 2013 WL 1196536, at *6 (E.D. Tex. Feb. 21, 2013), *R. & R. adopted in part*, 2013 WL 1196489 (E.D. Tex. Mar. 22, 2013) (collecting cases) ("Courts have uniformly interpreted [28 U.S.C. § 1654] to mean that corporations, partnerships, or associations are not allowed to appear in federal court other than through a licensed attorney."). Because this matter involves a corporation and corporations cannot proceed *pro se*, the prosecution of this lawsuit would be disrupted by allowing Next Health's Counsel to withdraw. *See Whiteside v. Cimble Corp.*, No. 4:17-cv-404, 2021 WL 1163724, at *3 (E.D. Tex. Mar. 26, 2021); *Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co.*, No. MO:19-cv-173, 2020 WL 7495611, at *1 (W.D. Tex. Apr. 14, 2020) (denying motion to withdraw because leaving a corporation to proceed *pro se* would severely disrupt to the orderly progression of the lawsuit);

*My Health Inc. v. ALR Techs., Inc.*, No. 2:16-cv-535, 2019 WL 2395409, at *7 (E.D. Tex. June 5, 2019); *Globeranger Corp.*, 2014 WL 11456069, at *2 (denying motion to withdraw because "[m]ovants have merely stated that [the corporate defendant] is insolvent and unable to financially maintain its defense, but they have not represented that [the corporate defendant] has actually failed to pay for any of their services, much less that [the corporate defendant] has failed to substantially fulfill an obligation to them.") (quotation marks and quotation omitted). Furthermore, allowing Next Health's counsel to withdraw would expose Next Health to default judgment, thereby significantly prejudicing it. *See Whiteside*, 2021 WL 1163724, at *3. However, without a corporate representative, Next Health's Counsel cannot file an answer or provide responsive briefing. Therefore, disruption to the prosecution of this lawsuit is inevitable, regardless of whether Next Health's Counsel remains in this matter or is allowed to withdraw.

Ultimately, Next Health's Counsel is forced to navigate between Scylla or Charybdis. If Next Health's Counsel withdraws to ensure compliance with its ethical obligations, Next Health is left exposed to default judgment. If Next Health's Counsel remains, Next Health's Counsel cannot take any action or mount any defense, including filing an answer and responding to a motion for default judgment, without exposing *themselves* to ethical risk. Next Health's Counsel cannot be allowed to be drawn into the whirlpool of ethical jeopardy. While it is likely inevitable that Next Health will face default judgment, Next Health's Counsel will be unable to take any action without violating ethical rules. Therefore, the Court finds the proper course is to permit Next Health's Counsel to withdraw.

The Court will permit Next Health's Counsel to withdraw on the condition that no proper corporate representative files a notice requesting Next Health's Counsel continue its appearance

in this matter within thirty (30) days of service of this Order upon Next Health's registered agent.[3] *See Rabin v. McClain*, No. SA-10-cv-981, 2011 WL 3793939, at *2 (W.D. Tex. Aug. 25, 2011); *Henderson v. Fenwick Protective Inc.*, No. 3:14-CV-505-M-BN, 2015 WL 3439166, at *1 (N.D. Tex. May 28, 2015). The Court further advises Next Health that the lack of an entry of an appearance by counsel on Next Health's behalf may result in an entry of an order of default and/or default judgment. *See Doe v. Compact Info. Sys., Inc.*, No. 3:13-cv-5013, 2017 WL 3394584, at *2 (N.D. Tex. July 14, 2017), *R. & R. adopted*, 2017 WL 3405522 (N.D. Tex. Aug. 7, 2017).

Additionally, the Court notes that it will postpone ruling on any such motion for default judgment against Next Health until the resolution of the merits of this case against Narosov and Hillman. *See Morales v. Fourth Ave. Bagel Boy, Inc.*, No. 18 Civ. 3734, 2021 WL 7906501 at *2 (E.D.N.Y. Feb. 12, 2021) ("In the present case, this Court similarly finds it is appropriate to postpone decision on Plaintiff's motion against Corporate Defendant. Determining Plaintiff's motion for default judgment at this stage of litigation would pose a risk of inconsistent results . . . Although the corporate Defendant has defaulted, Individual Defendant is actively litigating Plaintiff's claims . . . ."); *Diaz v. Glob. Dev. Consultant Inc.*, 2015 WL 12745538, at *4 (S.D. Fla. Aug. 23, 2015), *R. & R. adopted*, 2015 WL 12745537 (S.D. Fla. Sept. 22, 2015) ("However, obligating [corporate defendants] to pay for damages in the event that individual Defendants defeat the claims against them in this action would be inappropriate. Likewise, permitting Plaintiff to collect damages from the individual Defendants based on a default judgment against the corporate defendants would be inappropriate, unfair and inconsistent if a jury determined that the individuals

[3] The Court would typically require Next Health's Counsel serve this Order upon Next Health's corporate representative. As there appears to be no corporate representative, the Court finds service upon Next Health's registered agent to be appropriate.

were not liable or that the Plaintiff failed to prove his claim." (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984))).

## IV. CONCLUSION

For the foregoing reasons, the Motion (Dkt. 195) is **GRANTED**, and **IT IS ORDERED** that Next Health's Counsel is permitted to withdraw as counsel for Next Health on condition that no notice by Next Health's corporate representative is filed within thirty (30) days of service of this Order. If notice is filed, the Court may hold a hearing on the matter, if necessary.

**IT IS FURTHER ORDERED** that Next Health's corporate representative file a notice informing the Court whether there is a corporate representative within thirty (30) days of service of this Order.

**IT IS FURTHER ORDERED** that the deadline to file a responsive pleading to the Amended Complaint (Dkt. 171) is **STAYED** pending the filing of notice or lack thereof within thirty (30) days of service of this Order.

**IT IS FURTHER ORDERED** that Next Health's Counsel serve this Order upon Next Health's registered agent, if any, and file proof of service with the Court.

**So ORDERED and SIGNED this 25th day of January, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE