## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| and | ) |
| TOM PROCTOR, | ) |
| | ) |
| **Plaintiffs,** | ) Case No.4:17-cv-00169-ALM-KPJ |
| v. | ) |
| | ) |
| NEXT HEALTH, LLC, | ) |
| SEMYON NAROSOV, and | ) |
| ANDREW HILLMAN | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S MOTION FOR ORDER TO MAKE ALTERNATIVE SERVICE ON DEFENDANT ANDREW HILLMAN

COMES NOW the Plaintiff/ Relator Tom Proctor and the United States of America, and moves the Court in an unopposed motion for Order from this Court to make alternative service on the Defendant, Andrew Hillman, by way of service by posting Summons and Complaint on the gate to his residence, to be followed by service of Summons and Complaint by First Class U.S. mail.

### UNDISPUTED FACTS

1. The Defendant, Hillman, has received, through his criminal attorney Brian Poe, a copy of the Complaint in this case. (*See* Exhibit 1, Document 12 in this case.)

2. Andrew J. Hillman learned of service of process and how to avoid service of process as early as the events unfolding in Cullen v. Hillman, 2019 Cal. App. Unpub. LEXIS 8087*. Court of Appeals of California, Second Appellate

District, Division Four, Opinion Filed December 4, 2019. Not cited or offered

as legal authority, as it has not been certified for publication or ordered

published for such purpose, but is offered as evidence of Defendant's conduct,

facts, claims, testimony under oath, the Defendant's credibility, and proof of

residence. (*See* Exhibit 2, *Cullen v. Hillman*, 2019 Cal. App. Unpub. LEXIS

8087\*.)

3. Defendant Hillman did not dispute that this Inwood Road address is his

"dwelling house or usual place of abode". (*See* Exhibit 2, page 4.)

## SUMMARY OF ANDREW HILLMAN'S NOTICE AND ATTEMPTED SERVICE ON HILLMAN IN THIS CASE

**Defendant Hillman was given notice of the suit before it was out from under Seal.**

Defendant, along with his attorney of record, was given notice on or about

September 11, 2018, when this Court's Order allowed for the disclosure pursuant to

Document 12, an Order for a Partial Lifting of the Seal (*See* Exhibit 1) for the sole purpose

of notifying Defendants of the pending action while they were discussing resolutions in

criminal matters.

**Defendant has been served through Certified Mail.**

Defendant has had several Certified Mail deliveries dropped off at his

residence that have been confirmed by the United States Postal Service. (*See* Exhibit 3-

Document 177 and 177-1 in this case. *See* Exhibit 4- Document 200 and 200-1 in this

case).

**Defendant was supposed to have been served in federal custody.**

Plaintiff received an Order from this Court for the US Marshalls to make service on both incarcerated Defendants on November 13, 2020 (*See* Exhibit 5-Document 32 in this case). The US Marshalls sent the Summons' and Complaints once and never tried again after that first attempt at serving each Defendant failed (*See* Exhibit 6- Documents 64 and 65 in this case- showing they were sent to the wrong addresses). Following this Order, on June 11, 2021 this Court Ordered that the Plaintiff could serve the Wardens of the Correctional Facilities that the Defendants were listed as being housed at according to the Bureau of Prisons website (*See* Exhibit 7- Document 52 in this matter). These were signed for as delivered (*See* Exhibit 8- Document 54 in this case), and then Semyon Narosov's were returned back to the Plaintiffs' counsel as undeliverable due to them not being housed there, but Andrew Hillman's were never returned to the Plaintiff's counsel, so it is assumed he received his copies of the Summons and Complaint.

**Defendant has intimidated Process Servers.**

Plaintiff hired multiple process servers to serve the Defendant, Hillman, in this case. The first company, Civil Process Legal, left several notices but were never able to make contact, and were explicitly lied to regarding Defendant Hillman living at the property, (*See* Exhibit 9, Emails showing Service attempts from Civil Process Legal), and the second company, ABC Legal, received threats and intimidation and could not obtain

service (*See* Exhibit 10- emails from ABC Legal regarding attempted service).

Defendant has had several years of notice, as well as ample opportunity to

respond after receiving official service of process that is valid under Fed.R.Civ.P. 4.

Rule 4(e)(1) allows for:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Texas law provides for the use of various methods of service approved

by the Court under Tex. R. Civ. P. 106, as shown below.

> a) Unless the citation or court order otherwise directs, the citation must be served by:
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
> (b) Upon motion supported by a statement–sworn to before a notary or made under penalty of perjury–listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

4

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

### Defendant has shown a pattern of avoiding service in other matters.

Upon information recently gathered by Counsel, it has been uncovered that

Defendant Hillman has been avoiding and denying having received proper service in

other cases. As shown in *Cullen v. Hillman*, No. B293988, 2019 Cal. App. Unpub.

LEXIS 8087, Hillman does not dispute that the home on Inwood Road was his "dwelling

house," or "usual place of abode, *Cullen v. Hillman*, at *19 (2019), and the court includes

language showing that he was in fact served properly, despite trying to deny such:

> [I]t is clear that Hillman knew of, and agreed to, the decision not [*24]  to contest service upon him. Hillman at a minimum advised Bell about the amended summons and complaint and, more likely than not, provided those documents to Bell. . . . So Hillman and Bell decided not to appear and they also chose not to file a motion to quash service.

*Cullen v. Hillman*, at *23-24 (2019). And then again at "the trial court's finding that

Hillman attempted to deceive it into granting him relief is not supported by substantial

evidence." *Cullen v. Hillman*, No. B293988, at *24 (2019). (*See* Exhibit 2.)

> Erin stated in a declaration that on October 9, 2017, she was at the residence she shared with Hillman on Inwood Road in Dallas, Texas. Erin stated that she saw a man who had gained access to the gated property; she guessed that he had come in with construction workers who were at the house, or with the mail truck, for which Erin had opened the gate. Erin told the

5

> man to leave, and the man "threw a stapled packet of papers
> through our open front door and said, 'no problem, just give
> that to your husband' or words to that effect." Erin said she left
> the papers on Hillman's desk. She stated that prior to this
> encounter, "no one ever approached me asking if [Hillman]
> was home or available [*8] to receive court documents or
> other papers." Hillman stated in a declaration that he did not
> recall ever seeing or reviewing the documents.

*Cullen v. Hillman*, at *7-8.

> Erin admitted that the papers had been served, and that she left
> them on Hillman's desk. Plaintiffs argued that Erin's
> declaration about the process server throwing papers at her was
> not credible, since the process server stated that "Erin Hillman"
> had been served, suggesting that Erin had identified herself.
> When the notices of default were mailed to Hillman, he
> marked [*11] them "return to sender."

*Cullen v. Hillman*, at *10-11.

> Plaintiffs also argued that Hillman's statement that he never
> received the documents was not credible, in light of Bell's
> email on October 24, 2017 that someone "left a copy of a
> summons and complaint on [Hillman's] doorstep while he was
> out."

*Cullen v. Hillman*, at *11.

This case is not being offered as any legal authority, but purely to show that

Defendant Hillman has a habit of avoiding service, along with the help of his wife, and

will make false reports to the court. Similar to the false statements given to the process

servers employed by Plaintiff/Relator through the callbox, regarding the Defendant not

living there, despite all updated and current tax records and property ownership records

showing both Andrew and Erin Hillman as the registered owners and that being the

mailing address for them on file for their Residence Homestead Exemption Application

and their Notice of Appraised Value paperwork for the 2022 tax year to be mailed to.

6

(*See* Exhibit 11, Residence Homestead Exemption Application. *See* Exhibit 12, Notice of Appraised Value paperwork for the 2022 tax year).

Plaintiff has attempted service by Certified Mail and private process server several times, to no avail or response by the Defendant. Certified Mail return receipts have come back signed, or left blank by carriers still using COVID-19 policies. Private process servers have been harassed, intimidated, lied to, and essentially chased off the property. But there has been an ongoing effort to achieve service on this Defendant (*See* Exhibit 13- Affidavit of Due Diligence). Attempted service by the US Marshalls was unsuccessful, as were Orders from this Court from lifting the Seal for Defendants and their counsel to receive notice before making plea deals in the corresponding criminal cases.

Defendant Andrew Hillman's attorney in the criminal case was Brian Poe, a former US Attorney in the Northern District. The Relator provided the US Attorney's office in the Northern District with over 30,000 documents, which included emails, kickback records, and prescription sales, all of which were available to the attorney as possible trial exhibits. Hillman had knowledge of the Government's False Claim case against him, and is using that knowledge to avoid service. Therefore, the government should be granted leave to make service by alternative method and an extension of time to achieve that service.

## ARGUMENT AND AUTHORITY

Rule 4 of the Federal Rules of Civil Procedure, specifically e(1) of Rule 4, allows for service to be accomplished "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made".

As described herein, Next Health LLC was represented in *United Healthcare Services Inc et al v. Next Health LLC et al.*, case number 3:17-cv-00243-X-BT, by James Samuel Bell of James S. Bell PC, located at 2808 Cole Ave. Suite1000, Dallas, TX 75204, and a phone number of (214) 293-2263, and an email address of *james@jamesbellpc.com*. (See Exhibit 14, Attorney Information from case number 3:17-cv-00243, *United Healthcare Services Inc., et al v. Next Health LLC et al.*) James Bell also represented Defendant Hillman in *Cullen v. Hillman*, No. B293988, 2019 Cal. App. Unpub. LEXIS 8087 (*See* Exhibit 2), and therefore should not be left out of notification as a reasonable person to accomplish notification of Hillman.

Further investigation has revealed representation on that Hillman contends that he was a senior paralegal from February of 2021 to the present time at an undisclosed "private" law firm. (*See* Exhibit 15, printout of Andrew Hillman's Linkedin account.) Additional internet searches of Andrew and Erin Hillman resulted in discovery that Andrew Hillman is discussed on *https://www.crunchbase.com/person/andrew-hillman-dallas* (*See* Exhibit 16, printout of crunchbase.com page), which lists *andrew-hillman.com* as a website for Andrew Hillman (showing an email address of

*itsme@andrew-Hillman.com*), *https://www.facebook.com/AndrewJHillmanDFW* as his

Facebook link, and *https://twitter.com/AndrewHillmanTX* as a link directly to Hillman's

Twitter account. (*See* Exhibit 17, printout of Andrew Hillman's website).

Therefore, given the fact that that Mr. Hillman professes to be a senior paralegal,

has a history of litigating service of process problems, appears to be avoiding service, and

has notice of the lawsuit, the Government would request permission to attempt service in

several ways at approximately the same time.

1) By posting the Summons and Amended Complaint on the fence in a clear

   plastic envelope with a cover sheet showing notice from the United States

   District Court of the Eastern District of Texas for Andrew Hillman, by a

   process server, with an attempt to notify the Defendant of the posting and its

   contents through the callbox.

2) Notification by First Class mail to Hillman's residence.

3) Notification by email to the address listed on Andrew Hillman's website:

   *itsme@andrew-Hillman.com*.

4) Mailing by certified mail to James S. Bell, with a cover letter requesting that he

   accept service or otherwise request that he notify his former client if he no

   longer represents him.

**WHEREFORE**, the Plaintiffs request leave of this Court to attempt service as

outlined above, pursuant to both pursuant to both Texas state law and Rule 4 of the

Federal Rules of Civil Procedure, as well as an extension of time under this Court's own

...

authority, as well as Rule 4 of the Federal Rules of Civil Procedure and 31 U.S.C. § 3730(b)(3) in order to make such service.

Respectfully Submitted,

Gaylon C. Hayes
Texas Bar No: 24071384
Oklahoma Bar No: 14492
6805 S. Western Ave. Suite 500
Oklahoma City, Ok. 73139
Telephone: 405-616-5045
Facsimile: 405-616-5062
Email: gaylon@hhhlawfirm.com
        whitney@hhhlawfirm.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that on the 3rd of April, 2023, a true and correct copy of the above and foregoing instrument was mailed postage fully prepaid thereon to the following pro-se Defendant of record, to-wit:

Semyon Narosov
216 Frio Dr.
Irving, TX 75039

_____
GAYLON C. HAYES

## CERTIFICATE OF CONFERENCE

As required by Local Rule CV-7(h), I certify that I have conferred with all other parties which are listed below about the merits of this motion with the following results:

Semyon Narosov, pro se     and
Michael Elliott, counsel for Next Health
        ☐ opposes motion
        ■ do not oppose motion
        ☐ agrees with motion
        ☐ would not say whether motion is opposed
        ☐ did not return my message regarding the motion

Gaylon C. Hayes

March 31,2023
Date