**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* | § | |
| **TOM PROCTOR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:17-cv-169-ALM-KPJ** |
| **v.** | § | |
| | § | |
| **NEXT HEALTH, LLC,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Relator Tom Proctor's ("Relator") motion for summary judgment (the "Motion") (Dkt. 233), which the Court construes as a motion for default judgement.[1] For the reasons that follow, the Court recommends that the Motion (Dkt. 233) be **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

On March 7, 2017, Relator initiated this *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729–3733, on behalf of the United States of America (the "Government") against Defendants Next Health, LLC ("Next Health"), Semyon Narosov ("Narosov"), and Andrew Hillman ("Hillman"). Dkt. 1 at 3. On August 14, 2020, the Government declined to intervene. Dkt. 27 at 1. Nevertheless, Relator chose to maintain this lawsuit in the Government's absence. *See* Dkt. 30 at 1; *see also* 31 U.S.C. § 3730(b)(1) (permitting dismissal only "if the court and the Attorney General give written consent to the dismissal and their reasons for consenting").

---

[1] The basis for this construal is discussed below. *See infra* Section II.A.

On February 11, 2021, Relator obtained a clerk's entry of default against Next Health, *see* Dkt. 44, which the Court vacated based in part on defective service of process. *See* Dkts. 53 at 1 (withdrawing motion for default judgment after Next Health's counsel represented that "service was before the case was out from under seal"); 57 at 1–2 (vacating clerk's entry of default and ordering Relator to re-attempt service on Next Health). On August 11, 2021, Relator successfully effectuated service on Next Health. *See* Dkt. 61. On August 24, 2021, Next Health filed a motion to dismiss (the "First Motion to Dismiss") (Dkt. 63). On January 20, 2022, with the Court's leave, Relator filed the Amended Complaint (Dkt. 171). *See* Dkt. 173 at 1–2. On February 3, 2022, Next Health filed another motion to dismiss (the "Second Motion to Dismiss") (Dkt. 172). On September 9, 2022, the Court recommended that the Second Motion to Dismiss (Dkt. 172) be denied. *See* Dkt. 192 at 14. The District Judge adopted the Court's recommendation on September 27, 2022. *See* Dkt. 193. Accordingly, Next Health's answer was due no later than October 11, 2022. *See* FED. R. CIV. P. 12(a)(4)(A).

On October 12, 2022, Next Health's counsel filed a motion to withdraw (the "Motion to Withdraw") (Dkt. 195), wherein they argued that they should be permitted to withdraw as counsel because "Next Health's manager and last remaining employee tendered his resignation." Dkt. 195 at 2–3. According to Next Health's counsel, because their client no longer had a corporate representative, they could not answer or otherwise respond on its behalf without violating their ethical obligations. *See id.* at 3.

On January 25, 2023, the Court granted the Motion to Withdraw (Dkt. 195), noting that Next Health's counsel was "forced to navigate between Scylla or Charybdis." Dkt. 216 at 10. If permitted to withdraw, Next Health would likely be exposed to a default judgment. *See id.* If required to remain as counsel, Next Health's counsel could not "take any action or mount any

defense, including filing an answer and responding to a motion for default judgment, without exposing themselves to ethical risk." *Id.* (emphasis omitted). The Court also noted that, to avoid the risk of inconsistent judgments, it would "postpone ruling on any . . . motion for default judgment against Next Health until the resolution of the merits of this case against Narosov and Hillman." *Id.* at 11.

On July 3, 2023, Relator filed the Motion (Dkt. 233). According to Relator, because Next Health failed to answer, it admitted "the well-pleaded allegations" contained in the Amended Complaint (Dkt. 171). *See* Dkt. 233 at 1 & n.2.[2] Based largely on this contention, Relator argues that he is entitled to summary judgment. *See id.* at 7 n.6 ("These facts are supported by evidence and the majority of them are deemed admitted because they were included in [the] Amended Complaint . . . , and [Next Health] failed to answer the Amended Complaint."); *see also id.* at 8–14 (citing the factual allegations contained in the Amended Complaint (Dkt. 171) thirty-eight times). Next Health—without representation or a corporate representative—did not file a response.

## II.    LEGAL ANALYSIS

### A.    Construal as a Motion for Default Judgment

At the threshold, the Court is convinced that the Motion (Dkt. 233), while seeking summary judgment, is best construed as a motion for default judgment. Although several courts within the Fifth Circuit have construed a motion for summary judgment as a motion for default judgment, few have substantively discussed the basis of such a construal. *See United States v. Star-Tel, Inc.*, No. 03-3904, 2005 WL 2810701, at *2 (S.D. Tex. Oct. 26, 2005) (treating a motion for summary judgment as a motion for default judgment because the defendant was in default); *Lijadu v. I.N.S.*,

---

[2] The Motion (Dkt. 233) originally sought summary judgment against Next Health *and* Narosov on the grounds that both parties failed to answer the Amended Complaint (Dkt. 171). *See* Dkt. 233 at 1. However, Narosov has since filed an answer, *see* Dkt. 241, prompting Relator to move to withdraw the Motion (Dkt. 233) as to Narosov. *See* Dkt. 248 at 1–2. The Court granted Relator's request. *See* Dkt. 250.

No. 06-518, 2009 WL 508040, at *3 (W.D. La. Feb. 26, 2009) (same); *see also Truist Bank v. Cuzzcast Gourmet Gelato, LLC*, No. 20-cv-3607, 2022 WL 19699, at *2 (N.D. Tex. Jan. 3, 2022) ("Because [the defendant] has not appeared and the Clerk of Court has entered default against it, the Court treats the motion for summary judgment . . . as a motion for default judgment."); *Orange Beacon Mktg., LLC v. Outstanding Real Est. Sols., Inc.*, No. 22-cv-570, 2023 WL 3294599, at *2 (W.D. Tex. May 5, 2023) (same), *R. & R. adopted*, 2023 WL 3612338 (W.D. Tex. May 23, 2023).[3] Some courts outside of the Fifth Circuit have explained the basis for construing a motion for summary judgment as a motion for default judgment. These courts reason that summary judgment is an "inapt procedural vehicle" against a defaulting party because the fact issues "have not been actually litigated but [are instead] established by default." *Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582 (M.D.N.C. 1986). Thus, "[t]he appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment." *E.g.*, *Great Am. Ins. Co. v. Delphini Constr. Co.*, No. 14-cv-1412, 2015 WL 13791707, at *2 (M.D. Fla. Sept. 28, 2015) (citing *Phillips Factors Corp.*, 648 F. Supp. at 1582–83). However, where the motion addresses "the issues necessary to determine whether default judgment is appropriate—i.e., whether the well-pleaded facts, taken as true, establish liability," it may be construed as a motion for default judgment. *Id.*; *see FCCI Ins. Co. v. Allo*, No. 20-219, 2021 WL

---

[3] A number of other courts have similarly construed a motion for summary judgment as a motion for default judgment. *See, e.g.*, *Givens v. Main St. Bank*, No. 08-cv-25, 2008 WL 4415440, at *6 n.3 (N.D. W. Va. Sept. 25, 2008) (construing a motion for summary judgment as a motion for default judgment because the relief sought "falls under the purview of Federal Rule of Civil Procedure 55"); *Jones v. Barnhart*, No. 10-12114, 2013 WL 4502677, at *7 (E.D. Mich. Aug. 22, 2013) (construing a motion for summary judgment as one for default judgment "because the motion is based upon the two remaining defendants' . . . failure to respond to the summons and complaint"); *Bryant v. Duffey*, No. 09-cv-53, 2010 WL 4260242, at *1 (M.D. Ga. Sept. 21, 2010) (finding a motion for summary judgment "appears to be more appropriately considered as a motion for default judgment, as it is based on [the defendants'] alleged failure to respond to the complaint"), *R. & R. adopted*, 2010 WL 4260382 (M.D. Ga. Oct. 22, 2010); *Winter v. Pinkins*, No. 14-cv-8817, 2017 WL 5496280, at *2 (S.D.N.Y. Apr. 13, 2017) (construing a motion for summary judgment as a motion for default judgment where the basis of the motion was the defendant's failure to answer); *Gillaspie v. Rapp*, No. 11-cv-854, 2012 WL 2358164, at *1 (W.D. Mich. May 31, 2012) (construing a partial motion for summary judgment as a motion for default judgment where the basis of the motion was the defendants' failure "to timely respond to [the plaintiff's] amended complaint"), *R. & R. adopted*, 2012 WL 2358152 (W.D. Mich. June 20, 2012).

2043419, at *6 (S.D. Ala. May 20, 2021) (collecting cases). The Court finds this reasoning persuasive.

In the present case, Next Health is indisputably in default. Under Rule 12 of the Federal Rules of Civil Procedure, a defendant need not file its responsive pleading until fourteen days after its pre-answer motion to dismiss is denied. *See* FED. R. CIV. P. 12(a)(4)(A). The District Judge denied the Second Motion to Dismiss (Dkt. 172) on September 27, 2022. *See* Dkt. 193. Thus, Next Health's answer was due on October 11, 2022. The appropriate remedy against a defaulting party, like Next Health, is a motion for default judgment—not a motion for summary judgment. *See Great Am. Ins. Co.*, 2015 WL 13791707, at *2. Furthermore, Next Health's default forms the basis of the Motion (Dkt. 233). Relator argues that the well-pleaded allegations contained in the Amended Complaint (Dkt. 171), taken as true, establish Next Health's liability. *See* Dkt. 233 at 1 & n.2, 5–6, 7 n.6, 8–14. Thus, because the Motion (Dkt. 233) addresses "the issues necessary to determine whether default judgment is appropriate," the Court construes it as a motion for default judgment. *See Great Am. Ins. Co.*, 2015 WL 13791707, at *2; *see also Star-Tel, Inc.*, 2005 WL 2810701, at *2; *Lijadu*, 2009 WL 508040, at *3.

## B.    Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the process by which a party may obtain a default judgment. *See* FED. R. CIV. P. 55. In the Fifth Circuit, there are three procedural steps: (1) default; (2) entry of default; and (3) entry of default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (emphasis omitted). Once a party defaults, the clerk must enter the default if the default is established "by

affidavit or otherwise." FED. R. CIV. P. 55(a). After the default is entered, the plaintiff may apply "for a judgment based on such default." *Brown*, 84 F.3d at 141; *see* FED. R. CIV. P. 55(b).

Early in this case, Relator obtained a clerk's entry of default against Next Health, *see* Dkt. 44, which the Court vacated based in part on defective service of process. *See* Dkts. 53 at 1; 57 at 1–2. Once Relator properly served Next Health, it appeared in this matter and defended itself by filing the First Motion to Dismiss (Dkt. 63) and, eventually, the Second Motion to Dismiss (Dkt. 172). However, as discussed in greater detail above, Next Health defaulted after the Second Motion to Dismiss (Dkt. 172) was denied. Since this default, Relator has not sought a clerk's entry of default against Next Health. Absent a clerk's entry of default, the Motion (Dkt. 233) is procedurally defective and could be denied on this basis. *See, e.g.*, *Mack v. Cap. Mgmt. Servs., L.P.*, No. 12-cv-314, 2012 WL 13162885, at *1 (E.D. Tex. Aug. 21, 2012), *R. & R. adopted*, 2012 WL 13162884 (E.D. Tex. Sept. 17, 2012).

Furthermore, even if Relator had obtained a clerk's entry of default, the Court would still recommend that the Motion (Dkt. 233) be denied. Once the Court permitted Next Health's counsel to withdraw, its eventual default was inevitable. At that juncture, the Court warned Relator that it would "postpone ruling on any . . . motion for default judgment against Next Health until the resolution of the merits of this case against Narosov and Hillman." *See* Dkt. 216 at 11. The Court had good cause to issue this warning.

Generally, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *E.g.*, *Great Am. Assurance Co. v. Wills*, No. 10-cv-353, 2010 WL 4007330, at *1 (W.D. Tex. Oct. 12, 2010) (quoting 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2690) (internal quotation

marks omitted); *see Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). Defendants are held jointly and severally liable for claims arising under the False Claims Act. *United States ex rel. Drummond v. BestCare Lab'y Servs., L.L.C.*, 950 F.3d 277, 284–85 (5th Cir. 2020) (collecting cases). Thus, in False Claims Act cases where only some of the defendants have defaulted, courts often decline to enter a default judgment "until the matter is finally adjudicated with regard to the other defendants." *See, e.g.*, *United States ex rel. Wheeler v. Union Treatment Ctrs., LLC*, No. 13-ca-4, 2017 WL 10820158, at *5 (W.D. Tex. Nov. 2, 2017).

Here, Relator's allegations against Next Health, Narosov, and Hillman arise under the False Claims Act. *See* Dkt. 171. Although Next Health has defaulted, Narosov and Hillman have both filed answers and are actively defending themselves. *See* Dkts. 232; 241. Thus, the Court concludes that entering a default judgment at this time would create the risk of inconsistent judgments and should be postponed on this basis. *See Wheeler*, 2017 WL 10820158, at *5. For this reason, as well as the procedural deficiencies discussed above, the Motion (Dkt. 233) should be denied.

## III.    RECOMMENDATION

For the foregoing reasons, the Court recommends that the Motion (Dkt. 233) be **DENIED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report

shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 20th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE